QUALITY EXCELSIOR COAL COMPANY *v.* MAESTRI.

4-8876                                     221 S. W. 2d 38

Opinion delivered June 13, 1949.

*Harper, Harper & Young,* for appellant.

*Grant & Rose,* for appellee.

FRANK G. SMITH, J. This is an appeal from a judgment of the Sebastian Circuit Court, Greenwood District, affirming an order of the Arkansas Workmen's compensation Commission, awarding maximum compensation to Mrs. Alice Maestri, widow of Fermino Earnest Maestri, who died September 29, 1947, while working for the Quality Excelsior Coal Company, appellant herein.

The findings of fact made by the Commission, which are supported by the preponderance of the evidence, if not by the undisputed evidence, are as follows.

"The evidence before us establishes that in all probability this deceased had a pre-existing diseased heart condition of which he had complained for some time, but had particularly complained in the last few days of his life and for which he had seen his family physician just two days before his death. The evidence also establishes

the fact that on the morning of September 29, 1947, between the hours of about 8:30 to 10:00, the deceased had engaged in work as a coal breaker which is testified to as being hard manual labor and the work was performed in a place which placed the deceased in a cramped and confined position. The evidence is that he complained of this labor and the effect it had on him and was unable to finish the work because of his physical condition. There is evidence that upon leaving this work, he traversed an entry where the air was bad before collapsing and dying in the arms of George Quillman at 10:30 a. m. according to some witnesses and 10:00 a. m. by others.

"The evidence is clear and undisputed, however, that immediately after he complained he was unable to continue breaking coal, he proceeded down the entry to the point where he died, only a few minutes elapsing between his stopping work and his death.

"We are of the opinion that the decided weight of the medical evidence is that labor such as was performed by the deceased between approximately 8:30 a. m. and 10:00 a. m. put a greater strain upon his already diseased and weakened heart than it could stand, thereby aggravating the pre-existing diseased condition of his heart and hastening death. The claimant is not required to establish proof of the cause of the death to a mathematical certainty, but when the probable cause of death is established to a reasonable certainty, the burden of proof has been discharged.

"We are of the opinion that the claimant has reasonably established the probable cause of the death of Fermino Earnest Maestri on September 29, 1947, to have been an aggravation of a pre-existing diseased heart condition arising out of and in the course of his employment with the respondent employer."

Upon these findings the Commission made the award which was affirmed on appeal to the Circuit Court, and from the judgment of the Circuit Court is this appeal.

For the reversal of this judgment it is stated in appellant's brief that the evidence upon which the Com-

mission awarded maximum compensation was virtually undisputed, but that the Commission, and later the Circuit Court, based their findings and award upon conclusions which cannot properly be drawn from the undisputed evidence.

It is undisputed that for an indefinate time, but for a long period of time, the deceased was affected with a heart ailment, which according to the testimony of the physician testifying in the case, would eventually have caused his death, if he had not previously died from some other cause. His family physician had advised him to discontinue his work, and to remain at home, but he disregarded this advice.

Deceased was the foreman at the mine where he was employed, and when he reported there for duty on the morning of the day of his death, he found that they were short a necessary man, and he undertook to fill the place of the man who had failed to report to work. The work which the deceased undertook to do was performed while he was in a cramped position, breaking and loading coal, and after working for about an hour and a half he became exhausted and quit this heavy labor. He told the man with whom he was working, called his Buddy, that he just could not go on any further, and he started to another part of the mine to give orders there, but on his way he fell and became unconscious and died in about fifteen minutes.

The Commission announced conclusions of law conforming to numerous decisions of this court, the most recent of which is the case of Frank Lyon Co. v. Scott, ante, p. 274, 220 S. W. 2d 128. There Scott, the employee, had a congenital weakness in certain blood vessels, and it was established that a hemorrhage would have occurred eventually in any event, even while he was in bed asleep. Scott, the employee, was carrying a heavy kit of tools up a flight of stairs when he collapsed on account of the weakened condition of his blood vessels. We there said: "This testimony brings the case within our holding that compensation is payable when the employee's work so affects an existing condition that injury or death occurs

sooner than would otherwise have been the case." The case of McGregor & Pickett v. Arrington, 206 Ark. 921, 175 S. W. 2d, 210, which had announced the same holding, was cited.

So here, Maestri's death was precipitated and immediately caused by work which he had just performed in the pursuit of his employment and a compensable case was made.

Judgment affirmed.