BRYANT STAVE & HEADING COMPANY *v.* WHITE.

5-1095                                    296 S. W. 2d 436

Opinion delivered December 17, 1956.

*Shaw, Jones & Shaw,* for appellant.

*Mark E. Woolsey,* for appellee.

MINOR W. MILLWEE, Associate Justice.   This is an appeal from a judgment of the Franklin Circuit Court affirming an award by the Arkansas Workmen's Compensation Commission in favor of the appellee, Herman White, for an "accidental injury" allegedly sustained by him while employed by the appellant, Bryant Stave & Heading Company, at its plant in Ozark, Arkansas.

The facts are undisputed.   Appellee is 44 years old and has been employed in sawmill and other timber work for several years.   In June, 1951 he was working for a lumber company when he sustained a back injury diagnosed as a ruptured intervertebral disc for which he was awarded a ten percent permanent-partial disability to the body as a whole by order of the Commission in December, 1951.   He recovered sufficiently to resume work shortly thereafter and his back had given him no further trouble when he began work for appellant, Bryant Stave & Heading Co., on March 20, 1954.   In the meantime he had worked for another company for about

one and one-half years. He worked continuously for the appellant until March 30, 1955, with the exception of a brief period when the mill was closed down.

During his entire employment with the appellant, appellee was engaged in loading stave bolts, with the aid of a helper, by lifting them upon wagons about three to three and one-half feet high. The bolts were from white oak timber about 38 inches long and weighed from 75 to 250 pounds each. In loading the bolts it was necessary that the two men lift some of them higher than their heads. Appellee had been assisting in loading bolts in the usual manner on March 30, 1955, until about 1:30 P. M. when he noticed a pain in his right side, leg and back. He first thought it was merely a ''catch'' in his back but the pain persisted and increased in intensity until he reported it to his foreman. The next morning he could hardly get out of bed and his doctor placed him in the hospital where he was ''put in traction'' and remained 12 days.

The doctor diagnosed appellee's injury as a narrowing of the intervertebral disc between the fourth and fifth lumber vertebrae and as an aggravation of the pre-existing injury of the same nature received in 1951. He also testified that such aggravation of the pre-existing injury was caused by appellee's work in lifting and loading the stave bolts. Appellee experienced no external, fortuitous accident such as falling, stumbling or dropping a bolt on the day in question and, as far as he could tell, there was no more unusual strain than on other days.

On these undisputed facts the Commission found that appellee's pre-existing injury was aggravated by his performing the usual duties in his customary manner; and that appellee thereby suffered an accidental injury to his back which arose out of and in the course of his employment and resulted in temporary total disability for an indeterminate period. In short, that appellee suffered a compensable accidental injury to his back while performing the usual duties of his employment in his

customary manner without any unusual strain or other external fortuitous happening.

For reversal of the circuit court judgment affirming the award made by the Commission, appellant earnestly insists there can be no accidental injury in a workmen's compensation case in the absence of a showing of unusual exertion, strain or other external fortuitous happening which causes or brings about the injury. Now it is settled by our cases that the aggravation of a pre-existing physical condition is compensable if occasioned by accidental injury. *Murch-Jarvis Co.* v. *Townsend,* 209 Ark. 956, 193 S. W. 2d 310. So the sole issue here is whether a disabling back strain suffered by a claimant while doing his usual work in the customary manner, and without any external fortuitous happening, constitutes a compensable "accidental injury" within the meaning of the Arkansas Workmen's Compensation Law (Ark. Stats., Cum. Suppl., Secs. 81-1301 to 81-1349).

Two sections of our statute are pertinent to the present issue. Sec. 81-1302 (d) reads: " 'Injury' means only accidental injury arising out of and in the course of employment, including occupational diseases as set out in Section 14 (Sec. 81-1314) and occupational infections arising out of and in the course of employment." Sec. 81-1305 provides in part: "Every employer shall secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of employment, without regard to fault as a cause for such injury; provided that there shall be no liability for compensation under this Act where the injury or death from injury was solely occasioned by intoxication of the injured employee or by willful intention of the injured employee to bring about the injury or death of himself or another." These provisions are precisely the same as those set out in the original Act 139 of 1939.

In reference to the term "accidental injury" it seems apparent that the adjective "accidental" refers to and modifies the noun "injury," and does not refer

to the cause of the injury. There is no statutory requirement that the cause of the injury itself must have also been an accident. What the statute says is that the injury itself must have been accidental, that is, unforeseen and unexpected. When the two sections are read together, it is apparent that "accidental injury" means every injury to an employee arising out of and in the course of his employment except those injuries caused by his intoxication or by his willful intention to bring about the injury or death of himself or another.

The issue presented here has been the source of much controversy and litigation in the courts of this country as well as those in England where compensation acts originated. Before considering our own cases, we deem it appropriate to review these authorities. The terms "accidental injury" or "injury by accident" appear in most compensation acts. The English courts have given the term a liberal construction and have consistently held that an employee sustains an injury "by accident" if either the cause or the result of the injury is unexpected, unforeseen or unintended. *Fenton* v. *Thorley Co., Ltd.*, A. C. 443 (House of Lords); *Clover, Clayton & Co.* v. *Hughes,* A. C. 242, 3 B. W. C. C. 275. In other words, the English courts hold that an unexpected result from usual or customary exertion, even though there is no unexpected or fortuitous cause, constitutes a compensable accident.

A very substantial majority of the courts of this country have adopted and followed the English rule and hold that an injury is accidental where either the cause or the result is unexpected or accidental, although the work being done is usual or ordinary. In Schneider, Workmen's Compensation Text, Perm. Ed., Sec. 1446, it is said: "It is held in some states that where the ordinary exertion or straining of the employee's usual work causes the unexpected and disabling event or injury or accelerates or hastens its consummation, that in itself constitutes a compensable accident because the injury and disability is due to the employment." The author lists

21 states, including Arkansas, as supporting this rule and then states: "In other states disability or injury resulting from the ordinary and usual strain or exertion of the employment, whether great or small, which may accelerate an existing infirmity does not constitute a compensable accident, unless there was an accident in the cause, or an abnormal strain or exertion." Eleven states are then listed as following the minority view.

The foregoing text statement was published in 1946. An analysis of many later cases cited in the 1956 Pocket Supplement to Sec. 1446 shows that several additional states have since adopted the majority view, while a few of those listed as supporting the minority rule have done an about face on the question. For instance, Arizona was originally listed as supporting the minority rule under the decision in *Pierce* v. *Phelps Dodge Corp.*, 42 Ariz. 436, 26 P. 2d 1017, which was overruled in 1944 in *In re Mitchell*, 61 Ariz. 436, 150 P. 2d 355. Also North Carolina listed as following the minority rule apparently adopted the usual-strain and unexpected result theories in *Smith* v. *Cabarrus Creamery Co.*, 217 N. C. 468, 8 S. E. 2d 231.

In Larson, Workmen's Compensation Law, Sec. 38.00 the various holdings are summarized as follows: "The 'by accident' requirement is now deemed satisfied in most jurisdictions either if the cause was of an accidental character or if the effect was the unexpected result of routine performance of the claimant's duties. Accordingly, if the strain of claimant's usual exertions cause collapse from heart weakness, back weakness, hernia and the like, the injury is held accidental. A very substantial minority of jurisdictions require a showing that the exertion was in some way unusual, or make other reservations, but this line of decision causes difficulty because of the constant necessity of drawing distinctions between usual and unusual strains."

At Sec. 38.20 of the same work the author says: "A clear majority of jurisdictions now hold that when usual exertion leads to something actually breaking,

herniating, or letting go, with an obvious sudden mechanical or structural change in the body, the injury is accidental. So we find an overwhelming majority compensating for hernia, and a substantial majority compensating for cerebral hemorrhage, arterial or blood-vessel rupture, ruptured aneurism, apoplexy, ruptured appendix, herniated intervertebral disc, stomach rupture, dislocated kidney, dislocated cervical cord, and detached retina, even when the exertion or conditions producing the change were not out of line with the ordinary duties of the job." See also, 58 Am. Jur., Workmen's Compensation, Secs. 195 and 255; Horovitz on Workmen's Compensation 88; 9 N. A. C. C. A. 43. A few of the leading cases supporting the majority rule are: *Derby* v. *Swift & Co.,* 188 Va. 336, 49 S. E. 2d 417; *Gray* v. *Employers Mut. Liability Ins. Co.,* (Fla.) 64 So. 2d 650; *Walter* v. *Hagianis,* 97 N. H. 314, 87 A. 2d 154; *Gray's Hatchery & Poultry Farms* v. *Stevens,* 46 Del. 191, 81 A. 2d 322; *Liberty Glass Co.* v. *Guinn,* (Okla.), 265 P. 2d 493; Brown's Case, 123 Me. 424, 123 A. 421, 60 A. L. R. 1293; *Purity Biscuit Co.* v. *Industrial Commission,* 115 Utah 1, 201 P. 2d 961.

We now turn to our own cases. In *Harding Glass Co.* v. *Albertson,* 208 Ark. 866, 187 S. W. 2d 961, a glass cutter suffered a heat prostration from ordinary exposure which aggravated a previous heart condition. In accepting the majority rule we said: "While appellants cite authorities holding to the contrary, we think the better rule, and the one supported by the great weight of authority is that a heat prostration which resulted as here, and was sustained by a workman or employee, while engaged in the employment, and which grew out of the employment, whether due to unusual or extraordinary conditions or not, is deemed an accidental injury and compensable, and we so hold." In that case we also approved the following statement by Judge Parker in *Baltimore & O. R. Co.* v. *Clark,* 59 Fed. 2d 595: " 'The statute provides that the 'term "injury" means accidental injury or death arising out of and in the course of employment.' 33 U. S. C. A., § 902. It says

nothing about unusual or extraordinary conditions; and there is no reasonable basis for reading such words into the statute . . ."

This statement from Schneider, Workmen's Compensation Text, Sec. 1328, was likewise quoted with approval in the *Albertson* case: "The majority of the American courts follow the English rule as set out in the case of *Clover, Clayton & Co.* v. *Hughes* (1910), A. C. 242: 'An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or condition of health.' " Other cases to the same general effect are: *McGregor & Pickett* v. *Arrington*, 206 Ark. 921, 175 S. W. 2d 210; *Sturgis Bros.* v. *Mays*, 208 Ark. 1017, 188 S. W. 2d 629; *Batesville White Lime Co.* v. *Bell*, 212 Ark. 23, 205 S. W. 2d 31; *Frank Lyon Co.* v. *Scott*, 215 Ark. 274, 220 S. W. 2d 128; *Quality Excelsior Coal Co.* v. *Maestri*, 215 Ark. 501, 221 S. W. 2d 38; *Tri-States Construction Co.* v. *Worthen*, 224 Ark. 418, 274 S. W. 2d 352.

While counsel for appellants concede the foregoing cases indicate our past adherence to the majority rule, they earnestly insist they have all in effect been overruled by some of our recent decisions in which we have affirmed the commission's denial of compensation because there was no evidence of a fortuitous event, overexertion or unusual work load. Appellants rely particularly on *Baker* v. *Slaughter*, 220 Ark. 325, 248 S. W. 2d 106; *Farmer* v. *L. H. Knight Co.*, 220 Ark. 333, 248 S. W. 2d 111; *Stallings Bros. Feed Mill* v. *Stovall*, 221 Ark. 541, 254 S. W. 2d 460; and *Duke* v. *Pekin Wood Products Co.*, 223 Ark. 182, 264 S. W. 2d 834. It is true that the only instances in which the concept of an increased work load, or unusual exertion, has been employed by this court in reversing the Commission's findings were when that body had refused to award compensation. However, it cannot be denied that we have also upheld the Commission's denial of claims for compensation in cases that cannot be easily distinguished

from this one on the facts. That confusion does exist is readily apparent from the majority, concurring and dissenting opinions in the *Farmer* and *Baker* cases, *supra*.

We agree that litigants, lawyers and members of the Commission are entitled to a definite and unequivocal settlement of the legal question here posed. In undertaking to do so, we see no valid reason for not aligning Arkansas with the decided weight of authority on the subject by adhering to our holding in *Albertson* v. *Harding Gas Co., supra,* and similar cases. In our opinion the majority rule is sound and supported by the better reasoned cases. As Justice WADE pointed out in *Purity Biscuit Co.* v. *Industrial Commission, supra*: "If an unexpected internal failure is an accidental injury, such failure caused by ordinary exertion is as much accidental as where caused by overexertion. It is even more clear that the internal breakdown is accidental, in that it is not expected, unintentional and undesigned, where it is caused by ordinary exertion than where it is caused by overexertion, because we cannot as readily expect that ordinary exertion will cause an internal failure as we can that overexertion will produce that result . . ."

"The fact that overexertion is more apt to cause an internal failure than is ordinary exertion is no reason why we should require proof of overexertion to sustain an award. To make such a requirement would be to change the substantive law because in some cases the proof may not be sufficient. In many cases the proof that the exertion did cause the injury might be conclusive but under such a rule the applicant could not recover because he did not show overexertion. In a borderline case where the other proof is the same it might well be that proof of ordinary exertion would not be sufficient to sustain a finding that the exertion caused the injury, where if overexertion were shown the proof might be sufficient. But there is nothing in the statute which would justify a holding that an injury is compensable where overexertion is shown but is not compensable

where only ordinary exertion is shown, provided that in both cases it is shown that the exertion causes the injury."

If we should adopt a requirement that the work or strain be unusual or extraordinary we would reject the construction put on our statute in the jurisdiction from which it was borrowed and read into the law a requirement which greatly increases litigation to determine the elusory difference between usual and unusual strain or exertion. We would also, in effect, recast upon the disabled employee the burden of the old common law defense of assumed risk in specific violation of the statute (Sec. 81-1304). This result is illogical and contrary to the spirit and purpose of the compensation law and the liberal construction that we have repeatedly resolved to give it. *Birchett* v. *Tuf-Nut Garment Mfg. Co.,* 205 Ark. 483, 169 S. W. 2d 574; 58 Am. Jur., Workmen's Compensation, Sec. 2.

Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. In short, that an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary. The judgment of the circuit court affirming the award is accordingly affirmed.