E. P. Bettendorf & Company v. Kelly.

5-1657                                    317 S. W. 2d 708

Opinion delivered November 17, 1958.

*Leffel Gentry,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

Ed. F. McFaddin, Associate Justice. This is a Workmen's Compensation case. Melvin Kelly suffered a heart attack and died while working for the appellant, E. P. Bettendorf & Company on April 25, 1956. The Workmen's Compensation Commission made an award to the appellees, who are the widow and children of Melvin Kelly; the Circuit Court affirmed the Commission's award; and appellant prosecutes this appeal, urging only one point for reversal, to-wit: "The decedent, Melvin Kelly, did not sustain an accidental injury arising out of his employment". This assignment requires a brief review of the evidence and a discussion of the applicable rule of law.

Mr. Kelly, aged 43, was engaged in driving nails into pallets (boards) when he collapsed. Dr. Shelton (the local physician of the appellant) testified that Mr. Kelly had been suffering for some time with chronic ne-

phritis (kidney ailment), and also with hypertension (high blood pressure); and that physical exertion by a person suffering from hypertension i n c r e a s e s the heart's burden and hastens a heart attack. The death certificate signed by Dr. Shelton stated that Mr. Kelly died from a coronary infarction. When Mr. Kelly collapsed at his work, Dr. Shelton was called immediately, had the patient taken to the hospital, had oxygen administered; but all to no avail. It was Dr. Shelton's opinion that Mr. Kelly died enroute to the hospital.

On this testimony, and other of a similar nature, the commission made an award of compensation for Mr. Kelly's death. The Referee used this language in his opinion, which was affirmed by the full Commission:

"A study of the evidence in this case taken together with the medical testimony shows, in the opinion of the Referee, that the claimant had a pre-existing condition which taken together with the work load that the claimant was undertaking on the date of his collapse and death resulted in his collapse on the job in the course of his employment. The Referee is further of the opinion that the evidence shows that the claimant's work was a causal connection in the claimant's death. The evidence shows that the claimant was a hard worker and that he had worked on numerous occasions doing over-time work and this taken together with the amount of work that the claimant had done in the past and his collapse on the job while attempting to do the work before him on that date, made his collapse and death accidental injury arising out of and in the course of his employment.

In bringing the case to this Court, appellant's counsel contends that anyone could have known that a person suffering from high blood pressure would have a heart attack if such person engaged in over-exertion; and so (reasons appellant's attorney) Mr. Kelly's death was not accidental but consequential due to his disease

and his over-exertion.[1] In an effort to avoid the effect of our holding in *Bryant Stave & Heading Co: v. White,* 227 Ark. 147, 296 S. W. 2d 436, appellant uses this language:

. "The testimony of the very witness called by the claimants in this case to establish that Kelly died as the result of a heart attack, a contributing cause of which was the work which he was performing, also indisputably establishes that the heart attack was not unforeseen or unexpected, but, on the contrary, in light of the fact that he was suffering from hypertension and nephritis, that the occurrence of a heart attack was not only expectable and foreseeable, but was entirely probable."

We cannot follow appellant in the conclusion urged. Every time a mortal is born everyone knows that some time the mortal will die, so the death of a mortal is never unforeseen or unexpected in the light of human existence. But just when the death will occur and under what circumstances, is certainly unforeseeable and unpredictable. So it was with the heart attack of Mr. Kelly in the case at bar: no one could tell when it would occur. He was engaged in a line of work, he was exerting himself by the driving of nails into the pallets, he collapsed: his death was, therefore, accidental and within the scope of his employment.

---

[1] The same argument was made before the Commission, and in its opinion the Commission used this language; "We think the argument advanced by counsel for respondents is worthy of note and comment. As set out hereinabove, counsel for respondents argues that the death of deceased, under circumstances then extant, was not unexpected. This argument rests on the undisputed factual situation in this case that no fortuitous event brought about the death of decedent, nor was decedent, at the time of his death, exposed to any conditions of employment not usual or customary. Then counsel for respondents contends that the death of deceased, coming when it did and as it did, could not be considered to be an unexpected death when it is taken into account that ailments from which deceased suffered coupled with usual exertion, would reasonably result in death. Thus, according to counsel, instant case does not become a compensable one within the rule expressed in *Bryant Stave & Heading Company* v. *White,* . . . In that case the court said, among other things, 'That an injury is accidental when either the cause or result is *unexpected,* or accidental, although the work being done is usual or ordinary.' "

The unanimous opinion of this Court in the case of *Bryant Stave & Heading Co.* v. *White, supra,* is directly in point:

"In reference to the term 'accidental injury' it seems apparent that the adjective 'accidental' refers to and modifies the noun 'injury', and does not refer to the cause of the injury. There is no statutory requirement that the cause of the injury itself must have also been an accident. What the statute says is that the injury itself must have been accidental, that is, unforeseen and unexpected. . .

"Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. In short, an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary."

Our case of *Bryant Stave & Heading Co.* v. *White, supra,* is in accord with the great weight of authority. In Vol. 19 NAACA Law Journal, p. 34, there is a lengthy review of our case, concluding with the statement that the holding in the Bryant Stave case is in accordance with the majority rule. There is this significant concluding sentence to the NAACA article, written in May, 1957: "May the few States that still adhere to the minority rule have the courage to reverse themselves and restore justice to injured workers — and we predict that at least one of the minority States, Michigan, will soon join the majority. . ." This language was a real prophecy because in *Sheppard* v. *Michigan National Bank,* 348 Mich. 577, 83 N. W. 2d 614, the Supreme Court of Michigan on June 10, 1957 reached the same conclusion that we had reached in *Bryant Stave & Heading Co.* v. *White,* and cited our case and agreed with our hold-

676

ing.[2] We continue to adhere to the holding in *Bryant Stave & Heading Co.* v. *White, supra.* The Commission was correct in making the award; and the Circuit Court was correct in affirming the Commission.

Affirmed.

---

[2] In 20 NAACA Law Journal p. 32 there is a review of the Michigan case.