WONDER STATE MFG. Co. *v.* HOWARD.

5-2165                                      338 S. W. 2d 682

Opinion delivered October 3, 1960.

*Frierson, Walker & Snellgrove,* for appellants.

*Howard A. Mayes,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a Workmen's Compensation case in which the Commission denied recovery and the Circuit Court reversed the Commission. The decisive question is, whether there is substantial competent evidence to sustain the Commission: if so, the Circuit Court was in error in reversing the Commission. Such is our well established rule. *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *Moore* v. *Long-Bell Lbr. Co.,* 228 Ark. 345, 307 S. W. 2d 533; and *Chapman* v. *Finkbeiner,* 230 Ark. 655, 324 S. W. 2d 348. In *J. L. Williams & Sons* v. *Smith, supra,* we said:

"The circuit court cannot go into the question of the weight of the evidence. The only issue confided, by the act, to its determination is whether there is sufficient evidence as a matter of law to warrant an honest and reasonable trier of facts in making the finding which was made. There was sufficient competent evidence to warrant the finding of fact of the commission and the circuit court erred in setting it aside."

With the foregoing rule in mind, we examine the case at bar. The claimant, Henry H. Howard, was employed as a sheet metal worker for the Wonder State Manufacturing Company in Paragould on August 28, 1958. Howard went to work at 7 A. M. and after about 25 minutes' work he became ill and went to the hospital, where his condition was diagnosed as peptic ulcer and myocardial infarction. He was unable to resume work until October 30, 1958, and this is a claim for total temporary disability. The Commission found that the claimant had failed to establish any connection between his work and his disability, and disallowed the claim. We quote at length from the Commission's opinion:

"There is little, if any, controversy with respect to facts relating to claimant's employment and his becoming disabled on August 28, 1958. He had previously had great discomfort either as a result of a stomach ulcer or from pains resulting from a heart condition. The Surgeon's Report following claimant's treatment in the hospital at Paragould described the nature of claimant's injury as 'acute anterior myocardial infarction.' Dr. Andrews testified that X-ray reports indicated that the claimant had a stomach ulcer of long standing duration. An electrocardiogram was made and claimant gave a history of hard work for the past few days and Dr. Andrews stated that as a basis of the electrocardiogram and the history of very heavy work, he could not say with certainty that the work caused the heart attack, but he was of the opinion that it did.

"On cross-examination, Dr. Andrews stated that such a heart condition as claimant had is often brought on by hardening of the arteries and that heart attacks are less common among hard working people than people who have sedentary work. After considerable cross-examination, Dr. Andrews made the following statement: 'Well, as I understand it, the man started having symptoms the day before and on the day he left work he had only been there a little while and, in other words, I see no connection between the work on the morning that he left work and any

possible heart attack that morning.' Then follow the following questions and answers:

" 'Q. Then as far as the work he was doing on the morning when he quit, you see no relation between that work and his heart attack? A. I see no strong relation as far as heavy work causing a heart attack, no sir. Q. Nothing to indicate to you that that work he was doing that morning produced that heart attack? A. None in the history, no, sir. Q. Now, from what you know of this case from the history that has been given, Doctor, isn't it a fact that it would be impossible for you to put your finger on the time that this man had his heart attack? A. That is true.'

"We shall now dwell on the testimony given by Dr. Stern. The claimant was examined by Dr. Stern on January 20, 1959. He closed his report on this examination with the following paragraph:

" 'The degree to which the heart attack is related to the work is difficult to assess. The underlying disease or coronary arteriosclerosis was present previously, was the basic cause of the attack and has no relationship to his work. It is quite possible that the exertion of his work was the precipitating incident that caused the attack to occur at the time it did. These attacks, of course, will occur spontaneously at rest, so that it cannot be proven that the work was the precipitating cause; on the other hand, since the attack did come on while working, there must be a presumption that the work contributed to the initiation of the attack.'

"Counsel for claimant is of the view that Dr. Stern's report supports the claim of a compensable injury in this paragraph, wherein it is stated that there must be a presumption that the work contributed to the initiation of the attack. With reference to this statement in his report, Dr. Stern testified as follows:

" 'A. I would like to change that sentence to read: It may have contributed to the initiation of the attack. It may, in other words, have contributed theoretically, and there is no way of telling which particular piece of

physical exertion will contribute to the attack. There is a theoretical way in which an expenditure of energy can precipitate an attack, some movement may have contributed to the starting of the heart attack. Q. It is a fact, is it not, Doctor, that these attacks occur in all stages of one's life? A. That is correct. It may occur without any precipitating cause. Q. Quite frequently occur in sleep? A. Yes, sir. Q. And it would be absurd to say that sleep contributed to it? A. It may be entirely coincidence, and one cannot say about that. Q. Confining it to reasonable medical certainty, can you make any statement as to whether or not it may have caused or contributed towards causing the heart attack? A. I can say with reasonable medical certainty that it probably did not precipitate the attack, but I cannot say with medical certainty that it absolutely did not.'

"In view of this testimony, the Commission is unable to find that the claimant has furnished sufficient proof to establish his contention that he received an accident that arose out of or in the course of his employment."

The claimant urges that the case at bar is ruled by such cases as *Simmons Natl. Bank* v. *Brown,* 210 Ark. 311, 195 S. W. 2d 539; *Scobey* v. *Southern Lbr. Co.,* 218 Ark. 671, 238 S. W. 2d 640; *Triebsch* v. *Athletic Mining Co.,* 218 Ark. 379, 237 S. W. 2d 26; *Bryant Stave Co.* v. *White,* 227 Ark. 147, 296 S. W. 2d 436; and *Bettendorf* v. *Kelly,* 229 Ark. 672, 317 S. W. 2d 708. The employer urges that this case is ruled by such cases as *Moore* v. *Long-Bell Lbr. Co.,* 228 Ark. 345, 307 S. W. 2d 533; *Ark. P. & L. Co.* v. *Scroggins,* 230 Ark. 936, 328 S. W. 2d 97; *Shipp* v. *Tanner,* 229 Ark. 815, 318 S. W. 2d 821; and *Chapman* v. *Finkbeiner,* 230 Ark. 655, 324 S. W. 2d 348. We conclude that the case at bar is ruled by such cases as *J. L. Williams & Sons* v. *Smith, supra,* wherein we held that the findings of the Commission must be sustained if supported by substantial competent evidence. There is evidence in the record which would have sustained an award in favor of the claimant: likewise, there is evidence in the record that

sustains the Commission's finding in favor of the employer. The claimant admitted that he was sick all the night before August 28th, with pressure in the upper part of his stomach and in his chest. From that evidence, and from the medical evidence, the Commission could have found that the heart attack suffered by the claimant had already occurred before he reported for work on the morning of August 28th. Such a finding would have been in line with *Chapman* v. *Finkbeiner, supra.* Without further detailing of the evidence, we conclude that the Commission's findings should not have been reversed by the Circuit Court.

The Circuit Court judgment is reversed and the cause is remanded to the Circuit Court with directions to affirm the Commission.

JOHNSON, J., dissents.

JIM JOHNSON, Associate Justice, dissenting.

I do not agree with the majority for two reasons: (1) The majority state the decisive question is whether there is substantial competent evidence to sustain the Commission. I believe this is one of two decisive questions involved, the other being whether the triers of fact have forgotten, in this instance, that the Workmen's Compensation Law is remedial legislation and should be liberally construed with doubtful cases resolved in the claimant's favor.

This is a doubtful case, with the evidence on both sides based only on medical theory. The claimant has been required to prove that which cannot be proven, that is, the effect of exertion on the pre-existing disease arteriosclerosis. By any measuring device, the evidence is equal and a finding in keeping with the spirit of the Act would have allowed compensation. (2) In order for a decision of an administrative tribunal to be constitutional, a disappointed litigant must be allowed to appeal to some part of the judiciary. A disappointed Workmen's Compensation claimant may appeal to the Circuit Court of his county. Under the decisions of this Court, particularly that of *Reynolds Metal Co.* v. *Robbins,* 231 Ark. 158, 328 S. W.

2d 489, wherein it was said the strongest rule in Workmen's Compensation Law was that the Commission would be affirmed if there was any substantial evidence to support their findings, the Circuit Judge has been relegated to a position which could not have been intended by the framers of the Act.

The findings of the Workmen's Compensation Commission are accorded the same weight as a jury verdict, *J. L. Williams & Sons* v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82.

A Circuit Judge may set aside a jury verdict because it is not sustained by sufficient evidence. Ark. Stats. Sec. 27-1901.

A Circuit Judge's rejection of a jury verdict involves judicial discretion, which will not be interfered with on appeal in the absence of the abuse thereof. *Texas & Pacific Railway Co.* v. *Stephens*, 192 Ark. 115, 90 S. W. 2d 978.

It is, therefore, apparent that in all areas except Workmen's Compensation Law, the Circuit Judge has broad powers in weighing the evidence, yet this Court, in the field of Workmen's Compensation Law, has taken this discretion away from the Circuit Judge. Under our holdings the Circuit Judge must affirm the Commission if there is any substantial evidence to support their findings and is not allowed to exercise his own knowledge of the weight and sufficiency of evidence.

As previously stated, in order to provide due process of law, a litigant before an administrative tribunal must be allowed to appeal to the Judiciary. Under the decisions of this Court, I am unable to distinguish a situation where a litigant is not allowed to appeal and a situation such as we have where a Circuit Judge must affirm the Commission and cannot exercise discretion on the matter of sufficiency of evidence. The Circuit Judges are elected by the people and are answerable to them whereas the Workmen's Compensation Commissioners, with all respect to them, are political appointees, which, under the afore-

mentioned decisions of this Court is not now but could be a dangerous situation.

It is my opinion that when we require a Circuit Judge to affirm the Commission if there is any substantial evidence to support their findings, then we relegate him to a position inferior to that of the Workmen's Compensation Commission, a quasi-judicial administrative tribunal.

Against my position in attempting to show the inconsistency involved when a Circuit Judge is allowed to set aside a jury verdict for lack of substantial evidence and his being bound by the decision of the Workmen's Compensation Commission on the question of substantial evidence, it might be argued that the Circuit Judge only has a cold record before him whereas the Commission sees the witnesses. The answer to this is that in this case, as in many others, the Full Commission reached their decision on the record without the introduction of new evidence. As I view it, it is no argument to say that the Commission affirmed a single referee who did see the witnesses because had they reversed a single referee the situation would be the same since the appeal to the Circuit Court is from the Full Commission and not a referee.

Therefore, I reach the inescapable conclusion that by court decision we have made the findings of the Commission superior to a jury verdict in direct conflict with our repeated holdings that the findings of the Workmen's Compensation Commission are to be accorded the same weight as a jury verdict.

For the reasons stated above, I would affirm the findings of the Greene County Circuit Court.