CROSSETT CHEMICAL COMPANY *v.* SEDBERRY.

5-2213

339 S. W. 2d 426

Opinion delivered October 24, 1960.

[Rehearing denied November 21, 1960.]

*Paul Sullins* and *Robert R. Wright,* for appellant.

*Ovid Switzer* and *Roy Finch, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a death claim under the workmen's compensation law, filed by the appellee as the widow of Guy Sedberry. The commission allowed the claim, finding that Sedberry's death from a heart attack arose out of and in the course of his employment by the appellant. This appeal is from the circuit court's affirmance of the award.

The only material conflict in the evidence is in the medical testimony. Sedberry had worked for the appellant for fifteen years. At the time of his death he was the senior member of a maintenance crew. On the afternoon of December 18, 1958, the crew finished repairing a heavy cooler and moved it back into position. The proof indicates that this work was not unusually strenuous and did not involve extraordinary exertion. After resting a few minutes Sedberry began to write out a list of things his crew needed in its work. While so engaged Sedberry suffered a coronary occlusion, was taken to a clinic, and died within an hour after the onset of the attack.

As witnesses for the employer Dr. Agar and Dr. Kahn, specialists in internal medicine, testified that in their opinion the decedent's coronary occlusion was the result of a diseased condition within the heart and was not caused or contributed to by his work on the day of his death. On the other hand Dr. Hamilton, another internist testifying for the claimant, believed that Sedberry's work caused the attack or contributed to it. The opposing views of the medical witnesses cannot be reconciled.

The case is controlled by our decision in *Bryant Stave & Heading Co.* v. *White,* 227 Ark. 147, 296 S. W. 2d 436, where we upheld an award of compensation based upon proof that the claimant's ordinary work, without unusual strain or exertion, had aggravated a pre-existing condition. The principle has since been followed in

cases involving heart seizures. *Safeway Stores* v. *Harrison,* 231 Ark. 10, 328 S. W. 2d 131; *Reynolds Metal Co.* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489.

The appellant insists that in the case at bar the commission's opinion discloses a misunderstanding of our recent decisions, in that the commission regards any heart attack occurring on the job as being automatically compensable. Such a view would indeed be a mistake, for the *Bryant* case stressed the necessity of there being a causal connection between the claimant's work and his disability. See also *Ark. Power & Light Co.* v. *Scroggins,* 230 Ark. 936, 328 S. W. 2d 97. But we have carefully studied the commission's opinion in the case at hand, and we do not find that it reflects any misconception of the law as announced by this court. To the contrary, the commission discussed the matter of causation, reviewed the conflicting medical testimony, and explained its reasons for accepting the opinion of Dr. Hamilton, "whose unequivocal view," said the commission, "is that there was a causal relationship between the heart attack of Guy Sedberry and his exertions on the day of his death." The question before the commission was fundamentally one of fact, and we find its decision to be supported by substantial evidence. This concludes our inquiry.

Affirmed.