ARK.-BEST FREIGHT SYSTEM *v.* SHINN.

5-2703                                                357 S. W. 2d 661

Opinion delivered June 4, 1962.

*Harper, Harper, Young & Durden,* for appellant.

*Tom Gentry,* for appellee.

NEILL BOHLINGER, Associate Justice. This is an appeal from a judgment of the Washington Circuit Court affirming an award by the Workmen's Compensation Commission to William Boyd Shinn, the appellee herein, in connection with a disabling heart attack which the appellee suffered on July 1, 1960, at Fayetteville.

The appellee was an employee of the Arkansas-Best Freight System, Inc., appellant herein, by whom he had been employed for some time as a road driver. The record before us discloses that two days preceding the heart attack of which the appellee complains he had left Fort Smith for Dallas, Texas by way of Muskogee, Oklahoma. He left Fort Smith about 10 o'clock P. M. on June 28th stopped briefly in Muskogee, went to Dallas and left Dallas at 8 P. M. the following day for Little Rock where he rested and slept and then left Little Rock at 7:45 on June 30th for Fayetteville where he arrived about 1 o'clock A. M. The appellee testified that he did not feel well when he arrived at Fayetteville but he started preparing to leave Fayetteville. It was necessary for him to change trailers and to do so necessitated his disconnecting the fifth wheel and letting down dollies on the trailer.

It appears that the dollies were let down with a hand crank which, on occasion, was hard to crank down, requiring strenuous effort with both hands. After letting down the dollies, he parked the tractor and walked to the terminal because of a pain in his chest. He told a fellow employee of his trouble and sat down for a while and when he began to feel some better he got up and walked to a drinking fountain whereupon he felt a severe pain in his chest. His distress was apparent to his co-workers who called a doctor and summoned an ambulance and he was taken to the hospital in Fayetteville where he was

treated by Dr. LeMon Clark for a week and was then moved to Fort Smith by ambulance where he was treated and is still being treated by a Doctor George Allen.

It further appears that the appellant had suffered a heart attack previously in September, 1959, at which time he was treated by Dr. Allen but he had recovered from that attack and had returned to work in December, 1959, and had no recurrence of the trouble until the attack on July 1, 1960.

Dr. Clark diagnosed Shinn's condition as myocardial infarction brought about by a coronary occlusion. The appellee filed his claim with the Workmen's Compensation Commission where it was allowed and the appellant herein appealed that finding to the Washington Circuit Court which affirmed the finding of the Commission and entered judgment in conformity with the finding of the Workmen's Compensation Commission. On this appeal the appellant contends that there was not sufficient competent evidence in the record to warrant making the award and that the award is contrary to the only substantial medical evidence in the record.

We have long held in an unbroken line of cases that the finding of the Workmen's Compensation Commission have the same binding force and effect as the verdict of a jury or a court sitting as a jury and when supported by substantial evidence such findings will not be disturbed.

This is well set out in the case of *Pearson* v. *Faulkner Radio Service Company,* 220 Ark. 368, 247 S. W. 2d 964:

"We have consistently held in a long line of cases that 'The rule has been clearly established that the binding of the Commission shall have the same binding force and effect as the verdict of a jury, or of a circuit court sitting as a jury, and when supported by substantial evidence, such findings will not be disturbed by the circuit court on appeal to that court or on appeal to this court.' * * * The Commission had the right, just as a jury would have had, to believe or disbelieve the testimony of any witness. See, also, *Harris Motor Company* v.

*Pitts,* 212 Ark. 145, 205 S. W. 2d 21, and *Mechanics Lumber Co.* v. *Roark,* 216 Ark. 242, 224 S. W. 2d 806.''

The medical testimony which must form a large part of the evidence on which the Commission predicated its finding is not long. There were three doctors who testified. Dr. LeMon Clark, who treated the appellee at the hospital in Fayetteville, testified:

''It is my opinion that the effort involved in cranking the dollie undoubtedly contributed to the onset of Mr. Shinn's heart attack.''

Dr. George Allen, a specialist in internal medicine who had previously treated the appellee, gave the following answers to questions at the hearing.

''Q. My question is, Doctor, is it your opinion that there is a definite relationship between the degree of stress and strain and the occurrence of his condition?

A. Yes.

Q. And is there a definite relationship between his occupation and the occurrence of his condition?

A. As related to this particular incident, yes.

Q. And is it your opinion that there is a causal relationship between Mr. Shinn's occupation and his present condition

A. Yes.''

Dr. C. T. Chamberlain, called by appellant, testified as follows:

''Since it is well established that such a complication of arteriosclerotic heart disease, namely, acute coronary occlusion or coronary thrombosis, can as readily occur and does occur with the patient at complete rest or even when asleep, I feel that no one specific act of physical exertion can in itself be responsible for the production of a thrombus in a coronary artery except in rare and exceptional instances.''

While Dr. Chamberlain testified that no one specific act of physical exertion can alone be responsible for a thrombosis in a coronary artery, except in rare or exceptional cases, the other two doctors state positively that there was a causative relationship between Mr. Shinn's occupation and work and his heart attack.

It is now well settled in Arkansas that when an injury or disability is caused by exertion arising from the employment, whether **that exertion is normal** or extraor-dinary, the injury is compensable, or in the words of the court in *Bryant Stave & Heading Co.* v. *White,* 227 Ark. 147, 296 S. W. 2d 436:

"* * *, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. In short, that an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary."

Thus the Commission did not have to decide if the exertion of Shinn was unusual or extraordinary, nor did it have to decide if the prior heart attack of Shinn's was a contributing cause of the injury. The sole question for the Commission was whether Shinn's actions in undertaking to fulfill his employment duties on July 1, 1960, were the cause or contributing cause of the disabling heart attack. There is ample proof in the testimony of the doctors for the Commission to answer this question in favor of the appellee.

Appellant, in its brief, has made reference to the fact that Doctor Allen, in filling out an insurance form concerning Mr. Shinn, had answered "no" to the following question:

"Was the disability due to any injury or sickness arising out of and during the course of your patient's occupation or employment?"

This answer is at variance with his sworn testimony and at most it goes to the credibility of Doctor Allen. The Commission might well have elected to give more credence to the testimony of the witness on a witness stand under oath than to an answer that appears upon a questionnaire.

There is ample testimony in the record to support the finding of the Commission and this cause and the judgment thereon in the Washington Circuit Court we do not disturb. We affirm the case.