OLIN MATHIESON CHEMICAL Co. *v.* WHITE.

5-3659                                              394 S. W. 2d 632

Opinion delivered October 18, 1965.

[Rehearing denied November 8, 1965.]

*Brown, Compton & Prewett,* for appellant.

*Spencer & Spencer,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case. The only question presented to us

by this appeal is whether the record contains substantial evidence to support the Commission's finding that there was a causal connection between John Lee White's work and his death.

John Lee White was an employee of Olin Mathieson Chemical Company (appellant herein) for some seventeen years before his death on October 30, 1962. During practically all (if not all) of his employment he checked lumber when it was stored or packed in railroad cars for shipping. It is undisputed that such employment called for no great physical effort.

After Mr. White's death his widow, Irma White (appellee herein), filed a claim for compensation which was disallowed by the Referee. On appeal to the full Commission the claim was allowed, and on appeal to the circuit court the Commission was upheld. On appeal by appellant to this Court a reversal is sought solely on the ground mentioned at the outset of this opinion.

In our opinion the finding of the Commission is supported by substantial evidence.

On Monday October 8, 1862 White complained about not feeling well. When he quit work that afternoon he told his wife about how he felt and she took him to a doctor. The doctor told White he thought the trouble was merely indigestion, but to come back that week-end for an electrocardiogram. White went to work on Monday (October 16) but when he complained of being ill at noon he was sent to the hospital with a suspected heart condition, and fifteen days later he died.

It would serve no useful purpose to discuss in detail the conflicting medical testimony relative to the cause of White's death. There is, however, the testimony of Dr. W. M. Hamilton (not available to the referee at the time of his decision) which, we think, supports the finding of the Commission in favor of appellee.

In substance Dr. Hamilton testified: In my opinion White's heart attack began on October 8, 1962, and the work he did after that aggravated his condition, lessened his chance to survive, and hastened his death; 85% to

90% of men in White's age group survive a coronary occlusion, and it is probable that he would be alive today if he had not continued to work.

The conclusion indicated above is supported by and in harmony with numerous decisions of this Court: See: "Harding Glass Company v. Albertson, 208 Ark. 866, 187 S. W. 2d 961; Baker v. Slaughter, 220 Ark. 325, 248 S. W. 2d 106; Farmer v. L. H. Knight Co., 220 Ark. 333, 248 S. W. 2d 111; E. P. Bettendorf and Company v. Kelly, 229 Ark. 672, 317 S. W. 2d 708; Bryant Stave & Heading Co. v. White 227 Ark. 147, 296 S. W. 2d 436; Safeway Stores, Inc. v. Harrison, 231 Ark. 10, 328 S. W. 2d 131; Reynolds Metal Co. x. Robbins, 231 Ark. 158, 328 S. W. 2d 489; Harper v. Henry J. Kaiser Construction Co., 233 Ark. 398, 344 S. W. 2d 856; McGeorge Construction Co. v. Taylor, 234 Ark. 1, 350 S. W. 313; Arkansas Best Freight System, Inc. v. Shinn, 235 Ark. 314, 357 S. W. 2d 61."

In the *Harding Glass* case, supra, this Court, after reviewing cases from other jurisdictions, said:

" 'The rule supported by the weight of authority, however, is employee's engaging in the employment, whether due to unusual or extraordinary condition or not, is to be deemed an accidental injury within the meaning of the statute.' "

In the *White* case, supra, it was stated that ". . . an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary."

In the *Robbins* case, supra, this Court, after stating that cases of this nature shall be broadly and liberally construed, and doubtful cases shall be resolved in favor of the claimant, made the following significant statement:

"But there is even a stronger rule, namely, our oft repeated holding that if there is any substantial evidence to support the findings of the Commission, we will not disturb such findings. This is the strongest rule in compensation cases, and the one carrying the greatest weight."

Appellant suggests that heretofore we have been too liberal (in favor of the claimant) in construing the word "accident" in cases of this nature, and urgently insists that hereafter we should modify our opinions accordingly. We have also received similar suggestions in the past by other litigants. We mention this matter at this time to take occasion to make clear that we have carefully considered these suggestions and feel no such change would be justified.

Affirmed.