SPENCER *v.* PLAINVIEW LUMBER CO.

5-3675                                          396 S. W. 2d 943

Opinion delivered November 29, 1965.

[Rehearing denied January 10, 1966.]

*John D. Harris,* Tulsa, Oklahoma, *Garner & Parker,* for appellant.

*Harper, Harper, Young & Durden,* for appellee.

JIM JOHNSON, Associate Justice. This workmen's compensation appeal deals with compensability for a heart attack suffered on the job and the resultant disability.

Appellant Mack O. Spencer was employed by appellee Plainview Lumber Company as a millwright. His primary duty was sharpening and changing the saws as needed; secondarily, he would scale logs and see that the mill itself was running properly. On December 10, 1959, J. F. Moss, in charge of the mill in the absence of the owner, requested appellant's assistance in the dry kiln. (The dry kiln is a heated building in which green lumber is placed for 72 hours to dry at a temperature of 160-180° F.) They opened the doors to the kiln and waited one and one-half to two hours for it to cool to about 100° F. This gas kiln had a concrete roof about eighteen feet high and had ten or twelve ceiling fans which hung about three feet below the ceiling. One of the fans had fallen to the ground. Moss and appellant made a platform with some two by sixes and raised the fan up onto the platform. The fan weighed 35 to 40 pounds. Working on the platform, they replaced the fan up on its shaft and lined it up, having to stoop as they worked. One wielded a sledge hammer, the other held a block of wood against the fan to avoid damaging the fan, and alternated using the sledge hammer. Replacing the fan took appellant and Moss fifteen to twenty minutes; the temperature remained about 100 degrees in the kiln. As soon as they were through they left the building, Moss to the office and appellant to the saw mill to return the sledge hammer and wrench. After appellant replaced the tools he felt bad and went to the planer shed and sat down and then laid down on some stacked lumber. He had pain in his chest, then in his left arm and finally had difficulty breathing. Moss came out where appellant was and took him to Ola to see a doctor. Not finding a doctor at Ola, they returned to Plainview where they met a doctor. He was taken to a hospital at Russellville that day and remained there three weeks. Appellant was allowed to return to work on March 22, 1960, for light

work, and worked until February 2, 1961, when he had fluid on his lungs, and has not worked since on doctors' advice.

A hearing was held September 6, 1962, before the workmen's compensation referee, who found for appellant. On appeal to the full commission, the award of the referee was reversed. The commission ruling was affirmed by the Yell Circuit Court, from which comes this appeal.

For reversal appellant contends that the commission erred in holding that appellant failed to prove by a preponderance of the evidence that there is a causal relationship between his employment and his injury and disability.

The general rule on hearing before the commission is that where a claimant establishes by a preponderance of the evidence that he received an accidental injury arising out of and in the course of his employment, he is entitled to the benefits of workmen's compensation. On appeal we are bound by the substantial evidence rule.

The facts here are uncontradicted. The testimony of both appellant and Moss is that appellant had pains within a few minutes (twenty minutes) after they finished their strenuous work in the dry kiln. Moss had immediately sought for him medical attention.

Appellant's principal doctor testified in essence that while such a heart attack might occur anywhere, even while resting or sleeping, the pain appellant experienced following this work was the onset of a coronary thrombosis. Two doctors who examined appellant once each some five years after his injury testified in effect that his usual work would not cause the injury. One of these doctors based his opinion upon a misconception of the facts; whereas the other concedes that such an attack could occur as a result of an unusual exertion.

Review of the record revels that there is no substantial evidence to support the commission's findings. The evidence reflects that appellant's injury arose out of and

in the course of his employment, and that the injury resulted from the unusual exertion or strain in replacing the fan in the dry kiln. Appellant *more* than met his burden of proof. Claimant's burden of proof is discussed in full in the landmark opinion written for this court by the late Justice Minor Millwee in *Bryant Stave & Heading Co.* v. *White*, 227 Ark. 147, 296 S. W. 2d 436. The sole issue in that case was "whether a disabling back strain suffered by a claimant while doing his *usual* work in the customary manner, and without any fortuitous external happening, constitutes a compensable 'accidental injury' within the meaning of the Arkansas Workmen's Compensation Law." (Emphasis. ours.) The language and conclusion of the *Bryant* case are clear:

"If we should adopt a requirement that the work or strain be unusual or extraordinary we would . . . read into the law a requirement which greatly increases litigation to determine the elusory difference between usual and unusual strain or exertion. We would also, in effect, recast upon the disabled employee the burden of the old common law defense of assumed risk in specific violation of the statute (Sec. 81-1304). This result is illogical and contrary to the spirit and purpose of the compensation law and the liberal construction we have repeatedly resolved to give it. *Birchett* v. *Tuf-Nut Mfg. Co.*, 205 Ark. 483, 160 S. W. 2d 574; 58 Am. Jur., Workmen's Compensation, Sec. 2.

"Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. In short that an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary."

The cause is accordingly reversed and remanded to the commission for further findings consistent herewith.